IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Larry Stacy, et al., )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>Brian Massa, et al., )<br>)<br>Defendants. ) | No. 12-05038-CV-FJG |

## ORDER

Pending before the Court is Defendant Massa's Request for Hearing Pursuant to Mo. Rev. Stat. § 573.074 and Motion to Dismiss Count I, Count III, and Count V of Plaintiffs' Second Amended Complaint (Doc. No. 105).

**I.  Background**

This case involves claims filed by Plaintiffs Larry Stacy, individually and as administrator of Bobby Stacy's estate, and Claudia Martin Moss against Defendants Brian Massa and Southwest City, Missouri, under 42 U.S.C. § 1983 for depriving Bobby Stacy his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, and for Bobby Stacy's wrongful death pursuant to Mo. Rev. Stat. § 537.080.  On March 28, 2010, Defendant Brian Massa shot and killed decedent Bobby Massa, after an attempted traffic stop and chase.  Prior to the filing of this claim, Defendant Massa was charged in state criminal court with involuntary manslaughter. A jury found Defendant Massa guilty of involuntary manslaughter in the first degree, and sentenced him to three years in the Department of Corrections.

At issue with the pending motion is Defendant's request for a hearing to provide this Court evidence establishing he was justified in his use of deadly force against Bobby Stacy under Mo. Rev. Stat. § 563.046, and such use of force is an absolute defense to civil liability pursuant to Mo. Rev. Stat. § 563.074.  Therefore, defendant argues that if this Court found Defendant Massa to be justified in his use of deadly force, the Court must dismiss Plaintiff's 42 U.S.C. § 1983, wrongful death, and negligence per se claims.

Plaintiffs argue that Defendant Massa's request for a hearing and motion to dismiss should be denied because (1) Defendant Massa is estopped from re-litigating the issue of justification as an absolute defense, (2) Missouri's absolute immunity statute does not preempt 42 U.S.C. § 1983 claims, and (3) this issue is a question of fact to be decided by a jury. The Court finds that resolution of the first of these three issues is dispositive of this motion.

**II.  Standard**

"A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2002) (quoting Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)). The Court must view all facts pleaded by the nonmoving party as true and grants all reasonable inferences in the nonmoving party's favor. Id.

**III.  Discussion - Issue Preclusion**

Defendant argues that he is entitled to an absolute justification defense under Mo. Rev. Stat. § 563.074, and requests an evidentiary hearing to establish his claim.

Under the full faith and credit statute, 28 U.S.C. § 1738, federal courts must give preclusive effect to state court judgments, and the preclusive effect is governed by the law of the state from which the prior judgment emerged. Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th cir. 1996). "Prior state court adjudications are given preclusive effect even in later federal § 1983 actions." Id.

In Missouri, issue preclusion applies when:

> (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Id. (citing State ex. rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. banc 1994)). The third element is clearly met in this case. However, Defendant Massa argues that the remaining three elements have not been met.

First, Defendant Massa argues that "whether he had an absolute justification

2

Case 3:12-cv-05038-FJG   Document 147   Filed 08/05/13   Page 2 of 4

defense under chapter 563 was never presented" in his prior adjudication. However, the preliminary hearing transcript provides that the issue of absolute immunity was raised, and the circuit court judge decided against Defendant Massa in that forum. During the preliminary hearing, in response to the prosecution's objection, counsel for Defendant Massa suggested to the trial court that

> if this homicide was a justifiable homicide, then there is no crime. So therefore, if the Court was convinced that this officer, under these circumstances, was in fear of his life or of grievous bodily harm and acted therefore with reasonable force, then there is no crime and the Court could discharge this defendant at the preliminary hearing.

Tr. 77:11-22.

Although Defendant Massa may not have referred to a specific defense under Chapter 563, the preliminary hearing transcript does show that the same basic issue of justification and absolute immunity were presented in his prior adjudication.

Second, Defendant Massa argues that the prior adjudication did not result in a final judgment on the merits because "the jury verdict is being challenged and is currently pending before the Missouri Court of Appeals for the Southern District." This argument, however, is moot because the Missouri Court of Appeals for the Southern District affirmed the trial court's judgment on July 9, 2013. State v. Massa, No. SD 31795, 2013 WL 3422895, at *1 (Mo. Ct. App. Jul. 9, 2013). Furthermore, "[u]nder Missouri law, a judgment on the merits at the trial-court level is considered a final judgment for purposes of res judicata and collateral estoppel, even if the appeal of that judgment is still pending." Noble v. Shawnee Gun Shop, Inc., 316 S.W. 3d 364 (Mo. App. W.D. 2010) (citing Consumers Oil Co. v. Spiking, 717 S.W. 2d 245, 251 (Mo. App. W.D. 1986)).

Finally, Defendant Massa argues that the trial court did not allow him to fully litigate the issue of his absolute defense rights. For issue preclusion to apply, the issue raised in the second proceeding need only to have been raised in the first proceeding by the party sought to be precluded in a proceeding that afforded a full and fair opportunity to litigate the issue. Simmons, 77 F.3d at 1094. There is no further requirement that the party actually take advantage of that opportunity to fully and fairly litigate the issue. Id. During the preliminary hearing, counsel for Defendant Massa

3

raised the issue of justifiable homicide and suggested that the court could discharge Defendant Massa if it found that he has acted reasonably. Tr. 77:11-22. The Court sustained the objection, indicating that it was "not so inclined" at that point. Id. Subsequently, the Court found probable cause to believe the defendant committed the crime as charged, and was therefore, not justified or entitled to absolute immunity. Furthermore, Defendant Massa was tried on those charges and found guilty by a jury of involuntary manslaughter in the first degree, a violation of Mo. Rev. Stat. § 565.024. Therefore, the jury also found that Defendant Massa's actions were not justified.

The Court finds that the full faith and credit statute, 28 U.S.C. § 1738, as well as Missouri issue preclusion law bar Defendant Massa from re-litigating the issue of whether he is entitled to absolute immunity.

## IV. Conclusion

Therefore, for the foregoing reasons, Defendant Massa's Request for Hearing Pursuant to Mo. Rev. Stat. § 573.074 and Motion to Dismiss Count I, Count III, and Count V of Plaintiffs' Second Amended Complaint (Doc. No. 105) is **DENIED.**

**IT IS SO ORDERED.**

/s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: August 5, 2013
Kansas City, Missouri

4

Case 3:12-cv-05038-FJG   Document 147   Filed 08/05/13   Page 4 of 4